**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JUSTIN JUAN DE LA CRUZ MARTINEZ, )
                                          )   No. 23-cv-1130
           Plaintiff,                 )
                                          )
           v.                         )   Judge Robert J. Colville
                                          )
JUDGE TIMOTHY CREANY,         )
                                          )
           Defendant.              )
                                          )

## MEMORANDUM OPINION

Robert J. Colville, United States District Judge

        Before the Court is a Motion to Dismiss (ECF No. 10) filed by Defendant Judge Timothy Creany in this matter. Judge Creany moves to dismiss the claims set forth against him in the Complaint (ECF No. 3) filed by Plaintiff in the above-captioned action. This case represents one of thirteen cases filed by Plaintiff that are currently pending before the undersigned. This matter involves Plaintiff's criminal prosecution before Judge Creany in the Westmoreland County Court of Common Pleas for charges of intercepting communications in violation of 18 Pa.C.S. § 5703(1); disclosing intercepted communications in violation of 18 Pa.C.S. § 5703(2); and use of intercepted communications in violation of 18 Pa.C.S. § 5703(3). ECF No. 10-2 at 5. Plaintiff was found guilty of each of these third-degree felonies by a jury on July 12, 2023. *Id.* This case is not the only suit that Plaintiff has filed against Judge Creany relating to Plaintiff's criminal case. *See* Docket Nos. 2:23-cv-1407; 2:23-cv-2009; and 2:23-cv-2086

Plaintiff is proceeding in forma pauperis in this matter pursuant to an Order (ECF No. 2) entered by now-retired Magistrate Judge Lisa Pupo Lenihan, to whom this case was originally assigned.[1]  The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331.

## I.      Background

Plaintiff's Complaint was filed on June 30, 2023.  Plaintiff attempts to bring claims against Judge Creany pursuant to 42 U.S.C. § 1983 and 18 U.S.C. § 241.[2]  Judge Creany filed his Motion to Dismiss on September 8, 2023.  Plaintiff filed two Responses (ECF Nos. 13 and 14) to the Motion to Dismiss on October 3, 2023.[3]  No reply was filed, and the Court considers the Motion to Dismiss to be fully briefed.  While the Court is required to liberally construe Plaintiff's pleadings, the Court notes, as it has in all of Plaintiff's cases, that Plaintiff's manner of pleading results in a complaint that is, respectfully, difficult to follow at times, if not unintelligible.  That said, the Court outlines the relevant allegations in the Complaint as follows:

As noted, Judge Creany currently presides over a criminal case in which Plaintiff is the defendant.  ECF No. 3 "Statement of Case" at ¶ 1.  When Judge Creany took over Plaintiff's criminal case, purportedly at the directive of the Supreme Court of Pennsylvania, Plaintiff re-raised before Judge Creany issues of discovery, malicious prosecution, the presence or lack of mens rea, and a habeas corpus argument, each of which had apparently been decided by another judge on

---

[1] Judge Lenihan recused from all of the cases filed by Plaintiff following his filing of a complaint against Judge Lenihan at Civil Action No. 23-1405.

[2] To the extent Plaintiff attempts to assert a claim pursuant to the federal criminal code, there is no private right of action under Section 241.  *See Walthour v. Herron*, No. CIV.A.10-01495, 2010 WL 1877704, at *3 (E.D. Pa. May 6, 2010) ("In this case, Plaintiff asserts a violation of his rights under the following federal criminal statutes: 18 U.S.C. §§ 241, 242, 245, 247, 371 and 1951.  These statutes do not provide a private right of action under which Plaintiff may sue." (citation omitted)).

[3] Plaintiff also filed a "Motion" at ECF No. 12, which is merely a document submitted for the Court's consideration.  To the extent that Plaintiff intended to file this document as a motion, the motion is dismissed on the basis that it is, quite simply, not a motion.

August 9, 2022.  Judge Creany declined to overrule the previous judge's decisions.  *See id.* at ¶ 2 (Plaintiff quoting Judge Creany as follows: "I saw what was presented at that point.  And if you're saying to me there's nothing more asking that I make contrary determinations on three issues.  The malicious prosecution, the presence or lack of mens rea, and a habeas corpus.  I can't overrule a Court of concurrent jurisdiction on the basis of the same evidence.  So, if there's nothing new then, I'm not going to overrule those determinations or reverse those determinations.").

Plaintiff further takes issue with a discovery dispute in his criminal case that ultimately was decided in the prosecution's favor.  *See generally* ECF No. 3 "Complaint" at ¶ 2.  While not clearly pled, the issue centers around a diary belonging to the victim in Plaintiff's criminal case that was purportedly in the possession of the Government.  *Id.*  After reviewing transcripts of a past hearing, Plaintiff argued before Judge Creany that he had not been provided an accurate copy of the diary.  *Id.*  The prosecution, despite having argued that prosecutors had never seen the actual diary, argued before Judge Creany that a five-page Microsoft Word document was an accurate representation of the diary.  *Id.*  Plaintiff argued before Judge Creany that the prosecution could not know if the Microsoft Word document was an accurate depiction of the diary, and that the same warranted a finding of malicious prosecution.  *Id.*  Judge Creany rejected Plaintiff's argument, denied his motion, and allowed the jury to consider the Microsoft Word document.  *Id.*

Plaintiff further alleges that Judge Creany improperly decided an issue in Plaintiff's criminal case on May 22, 2023 without hearing oral argument.  ECF No.3 "Complaint" at ¶ 3.  Judge Creany also utilized certain instructions suggested by the prosecution, but did not utilize instructions, voir dire questions, and/or verdict slip language suggested by Plaintiff.  *Id.* at ¶ 4.  Plaintiff takes issue with Judge Creany's failure to entertain further arguments of malicious prosecution, and seemingly suggests that Judge Creany's purported statement that he was "going

to push this case through to a place where a jury can make its determination" is evidence of bias on the part of Judge Creany. *Id.* at ¶¶ 5-6. At Paragraph 7, Plaintiff again takes issue with Judge Creany's evidentiary rulings in Plaintiff's criminal case.

Plaintiff seeks injunctive relief requiring that Judge Creany recuse from Plaintiff's criminal case, a stay of that case, and the assignment of a new judge, as well as declaratory relief confirming that the Pennsylvania Supreme Court appointed Judge Creany to oversee Plaintiff's case. ECF No. 3 "Prayers for Relief" at ¶ 1-7.

## II.    Legal Standard

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

678 (citing *Twombly*, 550 U.S. at 556). The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for
> more than a sheer possibility that a defendant has acted unlawfully. Where a
> complaint pleads facts that are "merely consistent with" a defendant's liability, it
> "stops short of the line between possibility and plausibility of 'entitlement to
> relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing

the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d

780, 787 (3d Cir. 2016). The court explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim."
> *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they
> are no more than conclusions, are not entitled to the assumption of truth." *Id.* at
> 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011)
> ("Mere restatements of the elements of a claim are not entitled to the assumption of
> truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-
> pleaded factual allegations, [the] court should assume their veracity and then
> determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556
> U.S. at 679.

*Connelly*, 809 F.3d at 787. "Determining whether a complaint states a plausible claim for relief

will . . . be a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted).

In addition to reviewing the facts contained in the complaint, a court may consider "matters

of public record, orders, exhibits attached to the complaint and items appearing in the record of

the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994).

When a document integral to or relied upon in the complaint is included, the court may also

consider that document. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.

1997).

"If a plaintiff requests leave to amend a complaint vulnerable to dismissal before a responsive pleading is filed" in a civil rights case, a court must permit amendment unless it would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This is also true where a plaintiff does not request leave to amend. *See Grayson*, 293 F.3d at 108 ("When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile.").

The Court again notes that Plaintiff is proceeding pro se and, as such, he is entitled to liberal construction of his submissions in federal court. This means that the Court must liberally construe the factual allegations of the complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Further, pro se litigants are not free to ignore the Federal Rules of Civil Procedure. *Pruden v. Long,* Civ. A. No. 3:CV-06-2007, 2006 WL 3325439, *1 (M.D. Pa. Oct. 24, 2006).

### III.   Discussion

Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. "[I]n order to properly plead a Section 1983 claim, Plaintiff must allege (1) conduct by a person, (2) who acted under color of state law, (3) which caused a deprivation of a federally protected right." *Walthour*, 2010 WL 1877704, at \*3 (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Initially, the Court agrees with Judge Creany respecting the applicability of the *Younger* abstention doctrine.[4]  "[O]ngoing state criminal prosecutions fall within the confines of *Younger* abstention and should be resolved in the jurisdiction in which they emanated—the state courts." *Solid Rock Baptist Church v. Murphy*, 555 F. Supp. 3d 53, 62 (D.N.J. 2021), *aff'd sub nom. Clark v. Governor of New Jersey*, 53 F.4th 769 (3d Cir. 2022).  For *Younger* abstention to apply, the underlying matter must be (1) "judicial in nature"; (2) "implicate important state interests"; and (3) "afford an adequate opportunity to raise federal claims." *Id.* (quoting *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)).  "[I]n any case where there are ongoing state judicial proceedings, those proceedings implicate important state interests, including the state's interest in holding accused defendants to account for their alleged criminal deeds, and the state proceedings provide an adequate opportunity to raise federal claims, *Younger* prevents this Court from hearing claims which would require interference into those proceedings." *Alexander v. New Jersey*, No. CV 20-14809 (CCC), 2021 WL 100226, at \*2 (D.N.J. Jan. 8, 2021).

---

[4] Even if the *Younger* abstention doctrine did not apply, the Court would find that Plaintiff's allegations would implicate the *Rooker/Feldman* doctrine.  Under the *Rooker/Feldman* abstention doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994).

7

The case before Judge Creany is clearly judicial in nature, and it implicates the state's interest in holding accused defendants accountable for crimes. Each of Plaintiff's claims at issue in this case can be presented to, and considered by, the state courts, including both trial and appellate courts. *See McKnight v. Bishop*, No. 3:CV-14-603, 2014 WL 1338076, at *2 (M.D. Pa. Apr. 3, 2014) ("[P]ending petition does not set forth any facts which could suggest that he cannot litigate the merits of his present allegations in his ongoing state criminal proceeding, or thereafter (if necessary) raise those claims before the Pennsylvania state appellate courts."). Plaintiff's request for declaratory and injunctive relief asks this Court to interfere with ongoing state court matters. No exception to the *Younger* abstention doctrine applies, and the Court must abstain from hearing his claims under *Younger*.

Plaintiff's claims are also barred by *Heck v. Humphrey*. In *Heck v. Humphrey*, the United States Supreme Court explained:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (footnotes omitted); *see also Hundley v. Ziegler*, No. CIV.A. 07-848, 2007 WL 2345285, at *4 (W.D. Pa. Aug. 16, 2007) (explaining that *Heck* can also apply to claims for declaratory and injunctive relief).

The Court agrees with Judge Creany's argument that "[t]he proper way for Plaintiff to raise his claims is through Pennsylvania's appellate courts and a federal habeas corpus action, if necessary[,]" as well as his argument that "[a]t bottom, to find that Judge Creany violated Plaintiff's civil rights would require this Court to declare that Judge Creany's rulings were improper, which would call [Plaintiff's] conviction into doubt." Br. in Supp. 5, ECF No. 11. Plaintiff has not alleged that his conviction was reversed, invalidated, or nullified, and, accordingly, Plaintiff's claims are also barred by *Heck*.

Judge Creany is also entitled to judicial immunity with respect to Plaintiff's claims. "A judge is immune from liability for all actions taken in his judicial capacity, unless such action is taken in the absence of all jurisdiction." S*alley v. Sec'y Pennsylvania Dep't of Corr.*, 565 F. App'x 77, 81 (3d Cir. 2014). The United States District Court for the District of New Jersey has explained:

> "It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir.2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Furthermore, "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Id.* at 359.

*Bradley v. Connor*, No. CIV. 13-4099 JBS, 2014 WL 1404581, at *2 (D.N.J. Apr. 10, 2014); *see also Azubuko v. Royal*, 443 F.3d 302, 303–04 (3d Cir. 2006) ("In 1996, Congress amended 42 U.S.C. § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" (quoting 42 U.S.C. § 1983)). The Supreme Court of Pennsylvania has explained:

Judicial immunity rests upon a recognition of the necessity of preserving an independent judiciary, and reflects a belief that judges should not be hampered by fear of vexatious suits and personal liability.  It also reflects a view that it would be unfair to expose judges to the dilemma of being required to render judgments while at the same time holding them accountable to the judgment of others.  As stated in *Stump v. Sparkman,* 435 U.S. 349, 363, 98 S.Ct. 1099, 1108, 55 L.Ed.2d 331, 343 (1978) (quoting *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1872)), "the doctrine of judicial immunity is thought to be in the best interests of 'the proper administration of justice . . . [, for it allows] a judicial officer, in exercising the authority vested in him [to] be free to act upon his own convictions, without apprehension of personal consequences to himself.'"  *See also Binder v. Triangle Publications, Inc.,* 442 Pa. 319, 323-24, 275 A.2d 53, 56 (1971) ("The reasons for the absolute privilege are well recognized. A judge must be free to administer the law without fear of consequences.

*Matter of XYP*, 567 A.2d 1036, 1039 (Pa. 1989).

In addressing evidentiary, instructions/voir dire/verdict slip, and motions-related issues in Plaintiff's criminal case, Judge Creany was clearly acting in his judicial capacity as the judge assigned to Plaintiff's criminal case.  Judge Creany, as the judge presiding over Plaintiff's criminal case in the Westmoreland County Court of Common Pleas, had unlimited original jurisdiction over Plaintiff's criminal case.  *See* 42 Pa.C.S.A § 931.  While Plaintiff may disagree with Judge Creany's rulings, his recourse is not a Section 1983 claim, but rather a direct appeal before the Superior Court of Pennsylvania.  Judge Creany is immune from suit related to allegations set forth in Plaintiff's Complaint, and the Motion to Dismiss will be granted on that basis.

The Court further notes that Plaintiff references a "conspiracy" in his Response to the Motion to Dismiss, and the Court again finds that Plaintiff fails in any regard to allege concrete, non-conclusory facts that could possibly support his allegations of a conspiracy to violate his rights under the Constitution.  To state a Section 1983 claims for conspiracy:

[A] plaintiff cannot rely on broad or conclusory allegations.  *D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch.,* 972 F.2d 1364, 1377 (3d Cir. 1992); *Rose v. Bartle,* 871 F.2d 331, 366 (3d Cir.1989).  The Third Circuit has noted that a civil rights conspiracy claim is sufficiently alleged if the complaint details the following: (1) the conduct that violated the plaintiff's rights; (2) the time and the place of the

> conduct; and (3) the identity of the officials responsible for the conduct. *Oatess v. Sobolevitch,* 914 F.2d 428, 432 n. 8 (3d Cir.1990).
>
> The essence of a conspiracy is an agreement or concerted action between individuals. *See D.R. by L.R.,* 972 F.2d at 1377. A plaintiff must therefore allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. *See D .R. by L.R.,* 972 F.2d at 1377; *Rose,* 871 F.2d at 366. Where a civil rights conspiracy is alleged, there must be specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity. *Deck v. Leftridge,* 771 F.2d 1168, 1170 (8th Cir. 1985). A plaintiff cannot rely on subjective suspicions and unsupported speculation. *Young v. Kann,* 926 F.2d 1396, 1405, n. 16 (3d Cir. 1991).

*Matthews v. Beard*, No. CIV.A. 11-221J, 2012 WL 2192225, at *6 (W.D. Pa. June 14, 2012). While Plaintiff makes consistent reference to a "conspiracy," it is clear that his allegations rely on the assumption that any adverse action taken against him during the course of his arrest and criminal proceedings was the result of conspiracy. "[A] court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting In *re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)). Plaintiff fails to allege facts that plausibly suggest a meeting of the minds, an agreement, or concerted activity by co-conspirators. Rather, he summarily points to aspects of his arrest and criminal prosecution that he takes issue with while labeling every participant as a co-conspirator.

To the extent Plaintiff attempts to assert a claim pursuant to the federal criminal code, there is no private right of action under Section 241 or 242. *See Walthour v. Herron*, No. CIV.A.10-01495, 2010 WL 1877704, at *3 (E.D. Pa. May 6, 2010) ("In this case, Plaintiff asserts a violation of his rights under the following federal criminal statutes: 18 U.S.C. §§ 241, 242, 245, 247, 371 and 1951. These statutes do not provide a private right of action under which Plaintiff may sue." (citation omitted)).

Amendment as to any of Plaintiff's claims would be futile for the reasons stated herein. It further bears noting Plaintiff has filed thirteen cases in this District, and has failed to state a claim in any of his actions. In certain of those actions, he was permitted to file an amended complaint, and still failed to set forth allegations to support a single cause of action. The same further suggests to this Court that permitting amendment would be futile, and Plaintiff's Complaint in this matter will thus be dismissed with prejudice.

## IV.    Conclusion

For the reasons discussed above, the Court will grant Judge Creany's Motion to Dismiss. Plaintiff's Complaint will be dismissed with prejudice. An appropriate Order of Court follows.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: February 5, 2024

cc:     All counsel of record

Justin Juan De La Cruz Martinez
502 N 12th Ave
Albany, IL 61230